[Civ. No. 9214. Fourth Dist., Div. One. Apr. 11, 1969.]

COUNTY OF SAN BERNARDINO, Plaintiff and Appellant,
 v. JACK C. LA MAR, Defendant and Respondent.

Stanford D. Herlick, County Counsel, and Paul A. Grube, Jr., Deputy County Counsel, for Plaintiff and Appellant.

David L. Sefman and Larry D. Schwartz for Defendant and Respondent.

COUGHLIN, J.—The County of San Bernardino brought this action to enforce designated provisions of the Mobilehome Parks Act (Health & Saf. Code, § 18200 et seq., formerly § 18000 et seq.),[1] of the state administrative code and of San Bernardino County Ordinance No. 1074; alleged defendant operated a trailer park in violation of these provisions; and sought an injunction restraining further operation thereof in the manner alleged. The trailer park is operated on leased Indian property subject to federal control under the Code of Federal Regulations.

The court found violations of the act, the administrative code and the county ordinance existed but the county did not have enforcement authority in the premises and, on this basis, rendered judgment in favor of defendant.

The county appeals but, in substance, concedes it may not enforce the provisions of its ordinance allegedly violated by defendant. Accordingly, that part of the judgment denying injunctive relief restraining the commission of acts in violation of the ordinance should be affirmed.

Defendant contends on appeal (1) the state does not have the power ''to enforce violations of the California Health and Safety Code and California Administrative Code upon federally administered Indian lands'' or, more accurately stated, the state may not enforce the provisions of these codes applicable to such lands; (2) the county may not enforce the provisions in question under a delegation of authority from the state because the state did not have the power to delegate enforcement thereof to the county; and (3) the county waived the power to ''enforce violations'' of the code provisions in question.

The primary issues on appeal concern the effect of section 1.4, part 1, subchapter A, chapter I, title 25 of the Code of Federal Regulations, governing state and local regulation of the use of Indian property, and the action of the Secretary of the Interior in the premises.

The regulation in question, i.e., section 1.4, in pertinent part provides: '' (a) Except as provided in paragraph (b) of this section, none of the laws, ordinances, codes, resolutions, rules or other regulations of any State or political subdivision thereof limiting, zoning or otherwise governing, regulating, or

---

[1] The action was commenced in 1965. The Mobilehome Parks Act then in force was repealed in 1967 and a new act adopted. For the purpose at hand the code sections under consideration are substantially the same in both acts. Reference in this opinion will be to the code sections in the present act.

controlling the use or development of any real or personal property, . . . shall be applicable to any such property leased from or held or used under agreement with and belonging to any Indian or Indian tribe band, or community. . . .

"(b) The secretary of the Interior . . . may in specific cases or in specific geographic areas adopt or make applicable to Indian lands all or any part of such laws, ordinances, codes, resolutions, rules or other regulations referred to in paragraph (a) of this section as he shall determine to be in the best interest of the Indian owner or owners in achieving the highest and best use of such property. . . ."

On July 8, 1965, the Secretary of the Interior promulgated a document declaring in part: "Pursuant to § 1.4(b), Title 25, Code of Federal Regulations (30 F.R. 7520), the Secretary of the Interior does hereby adopt and make applicable, subject to the conditions hereinafter provided, all of the laws, ordinances, codes, resolutions, rules or other regulations of the State of California, now existing or as they may be amended or enacted in the future, limiting, zoning, or otherwise governing, regulating, or controlling the use or development of any real or personal property . . . leased from or held or used under agreement with and belonging to any Indian or Indian tribe, band, or community. . . . This adoption and application does not include the laws, ordinances, codes, resolutions, rules, or other regulations of the various counties and cities within the State of California which will be adopted and applied by separate action. . . .

" . . . . . . . . . . . .

"The Secretary of the Interior may by appropriate notice expressly revoke the adoption and application of any such laws, ordinances, codes, resolutions, rules or other regulations if he determines such revocation to be in the best interests of the Indian owner or owners in achieving the highest and best use of such property."

The Mobilehome Parks Act directs the Department of Housing and Community Development to enforce its provisions, and the rules and regulations promulgated thereunder, unless the governing body of a local agency gives notice of its intention to assume the responsibility of enforcement. (Health & Saf. Code, §§ 18300, 18400.) In the event of nonenforcement by the local agency after notice of assumption, the department must enforce. The County of San Bernardino gave notice of its intention to assume responsibility of enforcement. Under these circumstances, and the clear intention of the act, the

state designated the county an enforcement agency. The instant action, insofar as it relates to enforcement of the provisions of the act and the regulations promulgated thereunder, was instituted by the county in this capacity.

The act supercedes all county ordinances in the premises except as specified. (Health & Saf. Code, § 18300.) Some provisions of the county ordinance regulate matters within the exception. Leases of Indian lands include a provision: "The lessee shall conform to the San Bernardino County Code in planning and building his particular property."

In light of the foregoing circumstances, representatives of the Secretary of the Interior and the County of San Bernardino met and discussed the respective rights and duties of their principals in the premises. Thereafter an Area Director of the Department of the Interior sent a letter to the chairman of the Board of Supervisors of San Bernardino County "to delineate the consensus of opinion as reached" in that meeting. In material part this letter states:

". . . The Secretary has accepted the State code which would take care of part of the inspection and enforcement, which authority has been delegated to the County. The Bureau of Indian Affairs and the Colorado River Indian Tribes have placed the covenant in the lease as to the acceptance of the San Bernardino County code which has not been formally accepted by the Secretary or his authorized representative insofar as enforcement is concerned. . . .

". . . The County will proceed under the State code under their delegated authority from the State and will make inspections and report any delinquencies in the usual manner. The County will make inspections and report any uncorrected delinquencies under the County code to the Bureau of Indian Affairs for enforcement under the stipulation in the lease requiring compliance with the County code.

"This method of administering the State and County codes will remain in effect until we have had an opportunity to review the County code with the prospect of acceptance by the Secretary or his authorized representative as prescribed by the Secretary's regulations."

The clear import of the action of the Secretary of the Interior set forth in his declaration filed July 8, 1965, and placed of record in 30 Code of Federal Regulations 8722, was to adopt and make applicable to leased Indian property all of the laws and regulations of the State of California "governing, regulating, or controlling the use or development of any"

such property; adopted and applied the provisions of the Mobilehome Parks Act and regulations promulgated pursuant thereto; but did not adopt or apply the San Bernardino County ordinance.

Defendant's contention the state does not have the power to enforce the act and incident regulations against lessees of Indian lands because the Secretary of the Interior did not specifically authorize enforcement is without a semblance of merit. The act provides for its enforcement. Its provisions were part of the laws the Secretary of the Interior adopted and applied to leased Indian lands.

Equally unmeritorious is defendant's contention the Secretary of the Interior did not adopt and apply to leased Indian lands the provisions of the act whereby the state delegated enforcement to the county. Reliance is placed on that part of the declaration which reads: "This adoption and application does not include the laws, ordinances, codes, resolutions, rules, or other regulations of the various counties and cities within the State of California which will be adopted and applied by separate action with such exceptions as are determined to be appropriate." Defendant's argument is based upon the false concept the federal government does not intend local governments should control the activities on Indian property in any way, and the state by delegating enforcement of the act to the county circumvents this intention, which should not be permitted. The intention of the federal government expressed in the Code of Federal Regulations contemplates control by both the state and local governments of the activities on Indian lands through laws and ordinances whenever the Secretary of the Interior adopts and makes those laws and ordinances applicable to Indian property. The laws and ordinances of the state and local governments are the acts of control to which the instant federal regulation is directed. Included within those laws and ordinances is the inherent power of enforcement. Applicable federal laws or regulations in no way purport to hinder the state in the enforcement of its laws by regulating the method of enforcement or the agency through which it may be effected.

Contrary to defendant's contention, the understanding of the representatives of the Secretary of the Interior and the County of San Bernardino expressed in the letter from the area director confirms the conclusion the action of the Secretary of the Interior on July 8, 1965, vested in the county the authority to enforce the act as it applies to Indian lands.

Defendant refers to the statement in the letter that the "County will proceed under the State code under their delegated authority from the State and will make inspections and report any delinquencies in the usual manner"; claims the parties agreed the county is authorized only to inspect and report delinquencies; but disregards the preceding statement that the "Secretary has accepted the State code which will take care of part of the inspection and *enforcement,* which authority *has been delegated to the County.*" (Italics ours.)

 The Board of Supervisors of San Bernardino County adopted a resolution approving the method of administering the state act and the county ordinance set forth in the letter of the area director. Defendant contends by this action the county waived its "rights, duties, and powers" to enforce the state statute. The concept a governmental agency may waive its "duty" or "power" is novel, but has no other merit. Assuming by some extraordinary pseudo-logical process the doctrine of waiver applies, the board of supervisors by its resolution did not waive anything; it merely agreed the administrative procedures outlined by the area director were acceptable; and these procedures, as heretofore indicated, did not include any restriction upon enforcement by the county of the state statute.

That part of the judgment decreeing plaintiff "does not have authority to enjoin any violation of San Bernardino County Ordinance No. 1074," and denying plaintiff's application for an injunction to enforce the provisions of that ordinance, is affirmed. In all other respects the judgment is reversed. The county will recover costs on appeal.

Brown (Gerald), P. J., and Whelan, J., concurred.